**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| BEJAN DAVID ETEMAD, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:14-CV-670-P |
| | ) | |
| CITY OF GARLAND, | ) | |
| Defendant. | ) | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**BACKGROUND**

Plaintiff is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. He filed this complaint pursuant to 42 U.S.C. § 1985 and RICO, 18 U.S.C. § 1962.

Petitioner claims that police officers from the City of Garland ("City") stopped his car for an "alleged" traffic violation. He claims the City conspired with his ex-wife to intimidate him after he challenged a final divorce decree. He states he was arrested and "detained for multiple felonies with multiple agencies." (Compl. at 2.) He states he was driving a rental vehicle and that the vehicle was towed by police. He claims the police returned the car to the rental company and he was never able to retrieve his unspecified personal items from the vehicle. He also states that some of his money was missing after he was booked into jail. Plaintiff seeks return of his property and $600,00 in damages.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          Page -1-

**SCREENING**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ."  *Id*. at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged*." Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).  While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions.  *Twombly*, 550 U.S. at 555.

**DISCUSSION**

**1.      § 1985**

Title 42 U.S.C. § 1985 prohibits three forms of conspiracy to interfere with a person's civil rights.  Subsection (1) prohibits conspiracies to prevent federal officers from performing their official duties.  Plaintiff raises no allegations that would support a claim under § 1985(1).

The first part of subsection (2) prohibits conspiracies interfering with the right to participate in federal judicial proceedings.  In this case, Plaintiff claims the Defendant conspired to interfere with a state judicial proceeding rather than a federal proceeding.  The second part of subsection (2) applies to state court proceedings, but only prohibits conspiracies to deny any citizen equal protection of the laws.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**      Page -2-

The first part of subsection (3) prohibits conspiracies to deprive "any person or class of persons the equal protection of the laws." 42 U.S.C. § 1985(3). The second part of subsection (3) prohibits conspiracies to prevent a person from voting. Plaintiff has raised no claim that he was deprived the right to vote.

To the extent Plaintiff bases his claims on § 1985(2) or the first part of § 1985(3), he fails to state a claim because he has not alleged a conspiracy involving race or other class-based discrimination. *See Bryant v. Military Dept.*, 597 F.3d 678, 687 (5th Cir. 2010) ("The 'language requiring intent to deprive of equal protection or equal privileges and immunities, means that there must be some racial, . . . or class-based, invidiously discriminatory animus behind the conspirator's actions.'") (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)). Plaintiff has alleged no racial or class-based conspiracy. Instead, he claims the conspiracy was motivated by his ex-wife's intent to obtain a fraudulent divorce decree. Plaintiff has failed to state a claim under § 1985.

## 2.    RICO

Plaintiff states "Defendant is associated to a criminal enterprise (see 18 USC 1862 or RICO) headed by my wife, Michele Schwartzot Etemad as a racketeer. The arrest was illegal and done to intimidate me over a Bill of Review case pending in family court over a fraudulent uncontested divorce." (Compl. at 5.)

To establish a RICO claim, the plaintiff must establish the existence of: (1) a person who engages in (2) a pattern of racketeering activity [which is] (3) connected to the acquisition, establishment, conduct, or control of an enterprise. *Delta Truck & Tractor, Inc. V. J.I. Case Co.*, 855 F.2d 241, 242 (5th Cir. 1988). "Racketeering activity" consists of two or more predicate

criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity." *World of Faith World Outreach Ctr. Church, Inc. v. Sawyer*, 90 F.3d 118, 122 (5th Cir. 1996).   Additionally, to allege a RICO conspiracy, a plaintiff must plead that (1) "two or more people agreed to commit a substantive RICO offense, and that (2) defendants knew of and agreed to the overall objective of the RICO offense."  *Chaney v. Dreyfus* Serve. Corp., 595 F.3d 219, 239 (5th Cir. 2010).   Conclusory allegations of an agreement or conspiracy are not sufficient, the plaintiff must allege "facts implying an agreement to commit predicate acts of racketeering." *Crowe v. Henry*, 43 F.3d 198, 206 (5th Cir. 1995).

In this case, Plaintiff's conclusory allegations of a RICO conspiracy are insufficient to state a claim.  Plaintiff has failed to plead evidence of an enterprise, racketeering activity or a substantive RICO offense.  His claims should be dismissed.

**RECOMMENDATION**

The Court recommends that Plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915.

Signed this 28th  day of February, 2014.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).